**Roberta TAYLOR, individually and as Executrix for the Estate of Robert Lee Taylor, Deceased, Appellant,**

v.

**Byrne SOLBERG, M.D., Gerald E. Dworkin, D.O., Edmund T. Delguercio, M.D., Fitzgerald Mercy Hospital, Mercy Catholic Medical Center, Joseph V. Smiley, M.D., Jerry W. Hubsher, M.D., Donald Powers, M.D., Allen E. Meyer, M.D., Nephrology Medical Associates, Ltd., and Community Dialysis Services of Lansdowne, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1999.

Filed Oct. 26, 1999.

---

Anthony Granato, Philadelphia, for appellant.

James S. Sell, Norristown, for appellees.

Before POPOVICH, JOYCE and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Roberta Taylor, individually and as executrix for the estate of Robert Taylor, appeals from the Judgment entered February 17, 1999 in the amount of $0.

¶ 2 Appellant initiated a professional malpractice action against several defendants, including Community Dialysis Centers (CDC) and the appellees, Allen E. Meyer, M.D., and Nephrology Medical Associated, Ltd. (NMA). Prior to trial, appellant and CDC entered into a settlement agreement and joint tortfeasor release (Release) that states in pertinent part:

4. For the above consideration paid, Releasor further agrees that the damages recoverable against non-released persons, association, or corporations shall be reduced by the greater of the following amounts:

a. The amount of the consideration paid for this release [$150,000]; or

b. The amount of the Releasees' pro rata share (or the Releasees' percentage share of fault should it be determined that the provisions of the Comparative Negligence Act, 42 Pa.C.S.A. § 7102 et seq. apply to this action) of responsibility for the verdict or award.

. . .

7. Releasees further agree that they hereby assign to Releasor any rights Releasees may have to contribution or indemnity or apportionment against non-released parties, if it shall be adjudicated that said Releasees' settlement payment represents more than its prorata or percentage share of responsibility for the verdict or award.

Settlement Agreement and Release, February 26, 1996, at 2–3.

¶ 3 Following a November 1998 jury trial, a verdict was returned in favor of appellant and against appellees in the amount of $84,000.00. The jury found Meyer and NMA to have been 20% negligent and CDC to have been 80% negligent. The verdict was molded to reflect this allocation of liability, thus making NMA's portion of the verdict $16,800.00 and

CDC's portion $67,200.00. Upon review of the language of the Release, on February 5, 1999, the court reduced the verdict to $0.

¶ 4 Appellant presents the following question for our review.

Whether the non-settling defendant may invoke a provision in the release with the settling tortfeasor that any damages recoverable against a non-settling tortfeasor should be reduced by the greater of the consideration paid or the amount of the Releasees' pro-rata share?

Appellant's Brief at 4.

¶ 5 "In Pennsylvania, it is well-settled that the effect of the release is to be determined by the ordinary meaning of its language." *Baker v. AC&S*, 729 A.2d 1140, 1147 (Pa.Super.1999), *appeal granted*, —— Pa. ——, 742 A.2d 670, 1999 Pa. LEXIS 2569 (Pa. August 25, 1999). With certain exceptions, "the parties to a release have the option to determine the amount or proportion by which the total verdict shall be reduced against non-settling tortfeasors to reflect the settling tortfeasor's share." *Id*. at 1148.

¶ 6 Appellant argues that the amount of consideration CDC paid for the release is irrelevant to Meyer and NMA's obligation to pay its proportional share of the Judgment and relies upon the Pennsylvania Supreme Court decisions in *Charles v. Giant Eagle*, 513 Pa. 474, 522 A.2d 1 (1987) and *Walton v. Avco*, 530 Pa. 568, 610 A.2d 454 (1992).

¶ 7 In *Charles*, plaintiff and defendant Giant Eagle reached a settlement agreement prior to trial. Giant Eagle paid plaintiff $22,500.00 and plaintiff executed a release which provided that "any recovery [plaintiff] may obtain against any . . . corporation other than Giant Eagle Markets, Inc. . . . shall be reduced to the extent of the pro rata share of . . . Giant Eagle." *Charles, supra*, 522 A.2d at 5. Thereafter, a jury verdict was returned in favor of the plaintiff in the amount of $31,000.00. The jury found Giant Eagle to have been 60% negligent and Stanley to have been 40% negligent. Stanley argued that portion of the verdict for which it was responsible, $12,400.00 (40% of 31,000.00) needed to be reduced by $3,900.00 (the amount by which the Giant Eagle's settlement payment exceeded its 60% of the verdict). In arriving at its decision, the Court found "where a release has been executed, the verdict is reduced only by the proportionate share of the settling tortfeasor. The actual amount of the release, if it exceeds this sum, is of no consequence in the satisfaction of the judgment of the remaining defendants." *Id*. at 3. The Court held that Stanley, as the non-settling tortfeasor, was liable for the full amount of its proportionate share of the jury verdict. *Id*. at 5.

¶ 8 In *Walton*, AVCO, a strictly liable settling tortfeasor, sought contribution from Hughes, a strictly liable non-settling tortfeasor, pursuant to the Uniform Contribution Among Tort-feasors Act, 42 Pa. C.S.A. §§ 8321–8327. The Court found the release entered into by AVCO and the plaintiffs made "no mention of Hughes being similarly released" and Hughes was not relieved otherwise of its duty to pay its full proportionate share of the verdict. Accordingly, AVCO had no right of contribution against Hughes and Hughes remained liable for its full pro rata share of the damage award.

¶ 9 Upon careful review of the relevant case law, however, we find neither *Charles* nor *Walton* addresses the effect of a joint tortfeasor release that contains clear and unambiguous language specifically reducing the amount of damages *recoverable against non-released persons*. In *Clark v. Philadelphia College*, 693 A.2d 202 (Pa.Super.1997), *appeal dismissed as improvidently granted*, 557 Pa. 487, 734 A.2d 859 (1999), this Court reviewed this type of language in a joint tortfeasor release and its effect on a non-settling tortfeasor. The *Clark* release provided, in consideration of $400,000.00, that plaintiff's *right to recover against non-settling defendants* was limit-

ed to recovery of the $200,000.00 individual primary limits of the non-settling defendants, in the event they were found liable. *Id.* at 206–207. Finding no evidence that the "restraint on damages was not within the contemplation of the parties", this Court upheld the agreement. *Id.* at 207. "However improvident their agreement may be or subsequently prove [to be] for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case." *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 328–329, 561 A.2d 733, 735 (1989).

¶ 10  Upon review of the record, we find no evidence of any of the above defects and, therefore, conclude that the clear and unambiguous terms of the Release control the amount of the Judgment recoverable by appellant from Meyer and NMA. Accordingly, the Judgment entered February 17, 1999 in the amount of $0 is affirmed.

¶ 11  Judgment affirmed.